Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| PROPIETARIOS PASEOS DE AGUADILLA, INC.<br><br>Apelante<br><br>v.<br><br>EDGARDO RAMÓN VARGAS SANTIAGO, VICTORIA SANTIAGO GONZÁLEZ<br><br>Apelados | KLAN202400873 | APELACIÓN<br>Procedente del Tribunal de Primera Instancia, Sala Aguadilla<br><br>Caso Núm.:<br>AG2023CV01342<br><br>Sobre: Cobro de Dinero-Ordinario |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 9 de diciembre de 2024.

Comparece ante nos Propietarios Paseos de Aguadilla, Inc. ("Paseos de Aguadilla" o Apelante") mediante escrito intitulado *Alegato del Apelante* presentado el 27 de septiembre de 2024. Nos solicita que revoquemos la *Sentencia* emitida el 1 de marzo de 2024 y notificada el 4 de marzo del mismo año, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla ("foro primario" o "foro *a quo*"). Por virtud del aludido dictamen, el foro primario desestimó la causa de acción en cobro de dinero presentada por el Apelante, ya que aplicaba la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia.

Por los fundamentos que expondremos a continuación, **confirmamos** la sentencia apelada.

## I.

El 23 de agosto de 2023, Paseos de Aguadilla instó *Demanda* sobre cobro de dinero contra Edgardo Vargas Santiago ("señor Vargas Santiago") y Victoria Santiago González ("señora Santiago

González") (en conjunto, "los Apelados").[1] Mediante esta, adujo que estos eran dueños de una propiedad sita en la Urbanización Paseos de Aguadilla. Sostuvo que la parte Apelante tenía la potestad en ley para procurar el cobro de las cuotas de mantenimiento de las instalaciones recreativas, control de acceso y demás áreas comunes de la urbanización. Alegó que, para el 10 de agosto de 2023, la Apelada adeudaba dieciséis mil quinientos treinta cinco dólares ($16,535.00) por concepto de deudas en cuotas e intereses. Igualmente, resaltó que la aludida cuantía era una líquida, vencida y exigible, por lo cual solicitó el pago de dicho monto. De la misma forma, el Apelante solicitó el pago de cuatro mil novecientos sesenta dólares con cincuenta centavos ($4,960.50) por concepto de honorarios de abogado.

Posteriormente, el 5 de octubre de 2023, el señor Vargas Santiago presentó *Moción Solicitando Desestimación por Cosa Juzgada y/o Remedios*.[2] En este escrito, solicitó la desestimación del pleito, ya que aplicaba la doctrina de cosa juzgada. Explicó que tanto él, el señor Vargas Santiago, como Paseos de Aguadilla eran las partes litigantes en un caso ante el Tribunal de Primera Instancia, Sala Municipal de Aguadilla ("tribunal municipal" o "foro municipal"), con la denominación alfanumérica AG2021CV00539, cuya acción era una de cobro de dinero. Explicó que, en el mencionado caso, se le estaba cobrando al señor Vargas Santiago la cantidad de trece mil quince dólares ($13,015.00), por concepto de deudas de cuotas de mantenimiento, más la suma de dos mil setecientos dólares ($2,700.00) en gastos, costas y honorarios de abogado para un total de quince mil setecientos quince dólares ($15,715.00) hasta el mes de diciembre de 2022. Explicó que, dicho caso siguió su trámite y el 31 de mayo de 2023, el foro

---

[1] Véase, Apéndice del Recurso, págs. 25-27.
[2] *Íd.*, págs. 81-96.

primario declaró *No Ha Lugar* la demanda mediante una sentencia final entre las partes, la cual no fue reconsiderada ni apelada.

No empecé a ello, el señor Vargas Santiago destacó que, posterior a la aludida sentencia ante el foro municipal, Paseos de Aguadilla presentó una moción de relevo de sentencia. Arguyó que, aun estando pendiente la resolución de dicha moción de relevo de sentencia, el 23 de agosto de 2023, el Apelante presentó una segunda demanda sobre el cobro de dinero de las correspondientes cuotas de mantenimiento que habían sido denegadas previamente por el tribunal municipal. Resaltó que el Apelante pretendió litigar el asunto en dos (2) salas diferentes simultáneamente. Así pues, esbozó que, el 13 de septiembre de 2023, el tribunal municipal declaró *No Ha Lugar* la solicitud de relevo de sentencia en el primer caso, y no solicitó reconsideración ni había recurrido al foro apelativo intermedio.

En ese sentido, esgrimió que, en la presente controversia, se encontraban presente los cuatro (4) requisitos para la aplicación de la doctrina de cosa juzgada, por lo cual solicitó la desestimación del pleito y, a su vez, solicitó la imposición de una sanción de tres mil quinientos dólares ($3,500.00) por temeridad a la parte Apelante. Por su parte, el 11 de octubre de 2023, la señora Santiago González presentó escrito intitulado *Moción Uniéndonos a Desestimación*,[3] mediante la cual, esencialmente, compartió los fundamentos esbozados por el señor Vargas Santiago en su moción de desestimación. Además, explicó que en el pleito que se ventiló en el foro municipal esta no había sido incluida por el Apelante, por lo cual argumentó que tenía un impedimento colateral por sentencia.

---

[3] *Íd.*, págs. 106-112.

Así las cosas, el 1 de marzo de 2024, el foro *a quo* dictó *Sentencia*.[4] Mediante esta, el foro primario formuló las siguientes determinaciones de hechos:

1. Tomamos conocimiento judicial de los autos del caso Propietarios Paseos Aguadilla, Inc. v. Edgardo Ramón Vargas Santiago, AG2021CV00539 (Salón 0002), sobre Cobro De Dinero – Ordinario, presentado por la parte demandante ante el Tribunal de Primera Instancia, Sala Municipal de Aguadilla.

2. Surge de dicho expediente que el 13 de mayo de 2021, la demandante Propietarios Paseos de Aguadilla, Inc. presentó una demanda en Cobro de Dinero bajo la Regla 60, contra el señor Edgardo R. Vargas Santiago. Alegó que este le adeudaba la cantidad de $13,015.00 por concepto de cuotas de mantenimiento a razón de $110.00 dólares mensuales de cuota, un recargo de $10.00 dólares mensuales por pago tardío y la suma de $2,700 dólares de gastos, costas y honorarios de abogado, al mes de diciembre de 2020.

3. El caso fue a juicio en su fondo el 23 de noviembre de 2022. La demandante Propietarios Paseos de Aguadilla, Inc., desfiló prueba testifical y documental consistente en el testimonio del señor Héctor Rodríguez Babilonia y sometió en evidencia como Exhibit 1 una "Certificación de Balance de Cuota de Mantenimiento, residencia #1 - Urb. Paseos de Aguadilla" al 30 de noviembre de 2022.

4. Sometid[a] la prueba de la parte demandante, el demandado señor Vargas Santiago solicitó la desestimación del caso contra la prueba.

5. Luego de varios trámites procesales, el tribunal municipal dictó Sentencia el 31 de mayo de 2023. En la misma, determinó que Propietarios Paseos Aguadilla, Inc. no estableció la existencia de un vínculo contractual u obligación legal por parte del demandado de pagar las referidas cuotas de mantenimiento; ni tampoco estableció el derecho de la demandante a reclamar el cobro de las mismas, por tanto, declaró NO HA LUGAR la demanda en cobro de dinero incoada por la demandante Propietarios Paseos de Aguadilla, Inc.

6. La demandante Propietarios Paseos Aguadilla, Inc. no recurrió de la referida Sentencia, por lo que la misma advino final, firme e inapelable.

7. Conforme surge de la referida Sentencia, durante el juicio la demandante actualizó la deuda, pues reclamó las cuotas de mantenimiento, recargos y una partida de honorarios de abogado por un total de $20,520.50, hasta el 30 de noviembre de 2022.

8. El 28 de julio de 2023, Propietarios Paseos Aguadilla, Inc. presentó moción solicitando Relevo de Sentencia bajo la Regla 49.2 de Procedimiento Civil, alegando falta de parte indispensable. El 30 de julio de 2023, el señor Vargas Santiago se opuso a la solicitud de relevo.

9. Dicha Moción fue declarada "No Ha Lugar" por el Tribunal de Instancia y confirmada su determinación por el Tribunal de Apelaciones mediante Sentencia del 8 de enero de 2024 en el recurso KLCE202301155 de la cual se toma conocimiento judicial. En cuanto al relevo

---

[4] *Íd.*, págs. 1-13.

de sentencia presentado por la parte demandante basado en el hecho de que ella misma falló en traer a una parte que luego de la sentencia alegaba que era indispensable y cuya existencia debió conocer desde el principio de la acción, el Tribunal de Apelaciones dijo: "A todas luces, la parte peticionaria pudo haber descubierto esa información con un mínimo de diligencia; razón por la cual, pretende utilizar como subterfugio la Regla 49.2 de Procedimiento Civil, supra, para re litigar una Sentencia final y firme."

10. El 23 de agosto de 2023, estando sometido a la consideración del Tribunal Municipal la solicitud de Relevo de Sentencia, Propietarios Paseos Aguadilla, Inc. presentó aquí la Demanda en Cobro de Dinero de epígrafe contra el codemandado señor Vargas Santiago y su excónyuge señora Santiago González, como cotitulares del inmueble.

11. En la demanda de epígrafe que nos ocupa, la parte demandante no hace mención alguna de la Sentencia final dictada entre las partes el 31 de mayo de 2023, en el caso AG2021CV00539.[5]

Fundamentado en las determinaciones de hechos antes esbozadas, el foro *a quo* concluyó que, toda vez existía una perfecta identidad entre las cosas, las causas, los litigantes y la calidad en que litigan, procedía la aplicación de la doctrina de cosa juzgada e impedimento colateral por sentencia. Como corolario de ello, desestimó con perjuicio el caso de marras. Subsiguientemente, el 19 de marzo de 2024, el Apelante presentó *Moción en Solicitud de Determinaciones de Hechos Conclusiones de Derechos y Reconsideración.*[6] Mediante esta, el Apelante le solicitó al foro primario que añadiera una serie de hechos y conclusiones de derecho a la *Sentencia,* los cuales versaban sobre varias fuentes de derecho en torno a la figura de cosa juzgada.

Así las cosas, el 4 de abril de 2024, el foro primario atendió la moción y dispuso lo siguiente: "atendida moción de 19 de marzo de 2024 solicitando reconsideración de sentencia, el tribunal la declara no ha lugar".[7] No obstante, cabe señalar que el foro primario no emitió determinación en torno a la moción de hechos y conclusiones de derecho adicionales, por lo cual el Apelante

---

[5] *Íd.*, págs. 3-5
[6] *Íd.*, págs. 15-22.
[7] *Íd.*, pág. 26.

recurrió ante esta Curia mediante recurso de apelación, en el alfanumérico KLAN202400438. Allí, entre otras cosas, planteó que el foro *a quo* incidió al no resolver la moción de hechos y conclusiones de derecho adicionales. Así pues, un panel hermano determinó, mediante *Sentencia* dictada 24 de junio de 2024,[8] desestimar el caso por prematuro, mediante el fundamento de que los términos para recurrir ante esta Curia no habían transcurrido, pues el foro primario no había resuelto la moción de hechos y conclusiones de derecho adicionales.

Recibido el mandato, el Apelante presentó *Segunda Moción en Solicitud de Determinaciones de Hechos y Conclusiones de Derecho y Reconsideración*,[9] mediante cual repitió los mismos argumentos esbozados en su primera moción a esos efectos. Evaluado este escrito, el 30 de agosto de 2024, el foro primario emitió *Resolución*.[10] En esta, describió el tracto procesal del caso, aclaró que no se había resuelto la primera moción de hechos y conclusiones de derecho adicionales, por lo que procedió a resolverla. En ese sentido, declaró la misma *No Ha Lugar*, pues el foro primario razonó que la teoría legal del Apelante no era meritoria y reiteró su determinación en cuanto a la aplicación de la doctrina de cosa juzgada e impedimento colateral por sentencia.

Inconforme aun, el 27 de septiembre de 2024, el Apelante compareció ante nos mediante el recurso de epígrafe y formuló los siguientes señalamientos de error:

> Err[ó] el Tribunal de Primera Instancia[,] Sala Superior de Aguadilla al no determinar que los demandados no levantaron en su primera alegación responsiva de manera clara, precisa y específica la defensa afirmativa de impedimento colateral por Sentencia por tanto renunciaron a dicha defensa.
>
> Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Aguadilla al levantar motu proprio la defensa

---

[8] Véase, la *Sentencia* del caso KLAN202400438, resuelto el 24 de octubre de 2024.
[9] Véase, Apéndice del Recurso, págs. 114-123.
[10] *Íd.*, págs. 124-130.

afirmativa de impedimento colateral por Sentencia en el caso de autos constituyendo tal actuación un abuso de discreción.

Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Aguadilla al interpretar y aplicar la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia el caso de autos.

Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Aguadilla en basar su determinación en el articulo [sic] art. [sic] 1204 del Código Civil de 1930; en la jurisprudencia interpretativa y explicativa de dicho artículo y en un proyecto de ley.

El 1 de octubre de 2024, emitimos *Resolución* en la que le concedimos un término de treinta (30) días a los Apelados para que expusieran su posición en torno al recurso. No obstante, transcurrido el término dispuesto los Apelados no comparecieron, por lo cual procederemos a resolver la controversia ante nuestra consideración sin el beneficio de su comparecencia.

**II.**

### A. Cosa juzgada e impedimento colateral por sentencia

La defensa de cosa juzgada es una que "persigue poner fin a los litigios luego de haber sido adjudicados de forma definitiva por los tribunales y, de este modo, garantizar la certidumbre y seguridad . . .". *Presidential v. Transcaribe*, 186 DPR 263, 273 (2012) (Cita omitida). Esta defensa "solo cobra efecto si existe la más perfecta identidad de cosas, causas, las personas de los litigantes y la calidad con que lo fueron". *Beníquez et al. v. Vargas et al.*, 184 DPR 210, 222 (2012) (Escolio omitido). Es decir, los requisitos para la aplicación de la doctrina son que:

> (1) [H]aya una primera sentencia válida, final y firme; (2) las partes, *en el primer litigio*, sean las mismas en el segundo; (3) *en ambos pleitos* se trate del mismo objeto o asunto; (4) en el *primer pleito* se haya pedido igual remedio que el que se pida en el segundo, y (5) las partes litiguen en la misma calidad en ambos pleitos. *SLG Szendrey-Ramos v. Consejo de Titulares,* 184 DPR 133, 155 (2011) (Cita omitida) (Énfasis suplido).

Por otro lado, la doctrina de cosa juzgada es valiosa y necesaria para la para la sana administración de la justicia.

*Presidential v. Transcaribe, supra,* pág. 274. Ello pues, vela por el interés gubernamental de que se finalicen los pleitos y, además, se interesa en no someter a los ciudadanos a las molestias de tener que litigar dos veces una misma causa. *Íd.* No obstante, la aplicación de esta doctrina no procede de forma inflexible y automática cuando hacerlo derrotaría los fines de la justicia u otras consideraciones de orden público. *Íd.*

Por otra parte, una modalidad de la doctrina de cosa juzgada es el impedimento colateral por sentencia. *Presidential v. Transcaribe, supra*, pág. 276. "Ahora bien, el impedimento colateral se distingue de la doctrina de cosa juzgada en que para su aplicación no es necesario que se dé el requisito de identidad de causas". *Íd.*, págs. 276-277 (Énfasis suprimido).

> Esta figura opera cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final, y tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas. *SLG Szendrey-Ramos v. Consejo de Titulares, supra,* pág. 155 (Citas y comillas omitidas).

Sin embargo, esta no procede "cuando la parte contra la cual se interpone no ha tenido la oportunidad de litigar previamente el asunto y no ha resultado ser la parte perdidosa en el litigio anterior". *Presidential v. Transcaribe, supra*, pág. 277 (Escolio omitido) (Énfasis suplido). Por tanto, "no aplica a asuntos que pudieron ser litigados y determinados en el primer caso y no lo fueron. Su aplicación se limita a aquellas cuestiones que, en efecto, fueron litigadas y adjudicadas". *Íd.* (Escolio omitido) (Énfasis suplido).

**III.**

En el presente recurso, el Apelante nos solicita la revocación de una *Sentencia* emitida por el foro primario el 1 de marzo de 2024. En esencia, los cuatro (4) señalamientos de error esgrimidos por esta parte versan sobre la inaplicabilidad de la doctrina de

cosa juzgada e impedimento colateral por sentencia en el caso de marras. Por estos tratarse de errores íntimamente relacionados entre sí, procederemos a discutirlos de manera conjunta.

En primer término, es preciso resaltar, que la *Sentencia* apelada atiende una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*. En ese sentido, no cabe hablar de renuncia a defensas afirmativas, toda vez que el señor Vargas Santiago presentó una moción dispositiva antes de comparecer con su alegación responsiva. Por otra parte, y cónsono con lo anterior, la señora Santiago González presentó un escrito uniéndose a la moción de desestimación presentada por el señor Vargas Santiago, y mediante ese escrito, esta hizo alusión tanto a la figura de cosa juzgada como a la de impedimento colateral por sentencia. De hecho, de una simple lectura del dictamen apelado, se desprende que el foro primario aplicó la doctrina de cosa juzgada al señor Vargas Santiago y la figura de impedimento colateral por sentencia a la señora Santiago González, tal y como ellos solicitaron en sus respectivos escritos.

Ahora bien, es menester destacar, que, pese a que el Código Civil de 2020 guarda silencio en cuanto a la doctrina de cosa juzgada, **la misma sigue estando reconocida por nuestra jurisprudencia** y es una doctrina valiosa para la sana administración de la justicia. Véase, *Méndez v. Fundación*, 165 DPR 253, 267 (2005); *Presidential v. Transcaribe, supra*, pág. 274.

Como reseñáramos, para que la doctrina de cosa juzgada surta efectos, es necesario la perfecta identidad de cosas, causas y la personas que litigaron y en la calidad en que fueron. En el caso que nos ocupa, Paseos de Aguadilla había demandado en cobro de dinero al señor Vargas Santiago por una deuda en las cuotas de mantenimientos en un primer caso, ante el foro municipal de Aguadilla. Dicha causa de acción se hizo al amparo de la Regla 60

de Procedimiento Civil, 32 LPRA Ap. V. R. 60, la cual es de carácter sumario. Sin embargo, destacamos que, pese a ello, **la causa de acción sigue siendo una sobre cobro de dinero, ya que ese es el remedio que se solicitó**. Cabe destacar que dicho caso advino final y firme ya que, tras celebrarse una vista, el foro municipal determinó que el Apelante no probó su caso.

Posteriormente, Paseos de Aguadilla volvió a demandar al señor Vargas Santiago y, por primera vez, a la señora Santiago González, por la misma causa, entiéndase una acción en cobro de dinero por deudas de cuota de mantenimiento, pero en esta ocasión mediante el mecanismo ordinario.

Nótese que, ante el panorama antes descrito, existe la más perfecta identidad de cosas, causas y la personas que litigaron y en la calidad en que fueron. Inclusive, pese a que la señora Santiago González, no fue traída al pleito, un panel hermano determinó, que dicha falta de comparecencia obedeció a que el Apelante no fue diligente en lograr identificar a los titulares del inmueble que tenían la presunta deuda.[11] Es decir, desde el inicio, la señora Santiago González, debió figurar como parte en el primer pleito que se ventiló en el foro municipal. Pese a que, el foro primario determinó que a la señora Santiago González le aplicaba la doctrina de impedimento colateral por sentencia, realmente, ella estaba en la misma condición que el señor Vargas Santiago. Recordemos que el requisito en cuanto a la identidad de las personas de los litigantes y la calidad en que lo fueron se entiende cuando "los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén unidos a ellos por vínculos de solidaridad o **por los que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas**". *Presidential v.*

---

[11] Véase, la *Sentencia* del caso KLCE202301155, resuelto el 8 de enero de 2024.

*Transcaribe, supra,* págs. 275–76. En el caso de marras, los Apelados eran los alegados titulares de la deuda, en ambos pleitos.

A tenor con lo anteriormente discutido, es preciso concluir que tanto a la señora Santiago González como al señor Vargas Santiago les aplicaba la doctrina de cosa juzgada. Por ende, el foro primario no incidió en aplicar dicha figura. En consecuencia, procede desestimar el pleito incoado por Paseos de Aguadilla. Así pues, por consiguiente, ninguno de los errores esgrimidos por el Apelante, se cometieron.

## IV.

Por los fundamentos antes expuestos, **confirmamos** el dictamen recurrido.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones